United States District Court
District of Massachusetts

| | |
|---|---|
| **Peter M. Lafata,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 21-10635-NMG |
| **Hamilton Insurance Group, LTD,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Peter M. Lafata ("Lafata" or "plaintiff") brings this action against multiple insurance companies for failing to offer a reasonable settlement in connection with an underlying wrongful death lawsuit, in violation of M.G.L. c. 93A and M.G.L. c. 176D, § 3. Pending before the Court is plaintiff's motion for an anti-suit injunction.

**I. Discussion**

Plaintiff alleges that his mother, Elizabeth Lafata ("Mrs. Lafata"), was killed in a car accident in June, 2013, after a highway safety product manufactured and sold by Trinity High Products, LLC ("Trinity") purportedly malfunctioned. Acting as her special personal representative, Lafata sued Trinity for wrongful death in Massachusetts Superior Court in June, 2016.

-1-

See Lafata v. Trinity Highway Products, LLC et al., Essex County Superior Court, No. 1677-cv-00921. That case remains unresolved and trial is scheduled to begin this August, 2021.

In the meantime, on April 16, 2021, plaintiff filed this lawsuit against Trinity's insurers, Hamilton Insurance Designated Activity Company ("Hamilton"), Markel International Insurance Company Limited ("Markel") and North American Elite Insurance Company ("North American") ("the insurance companies" or "defendants"). Lafata contends that the insurance companies have breached their statutory obligation under M.G.L. c. 176D, § 3 and M.G.L. c. 93A to make a reasonable offer of settlement in the wrongful death action, a duty which arises only after liability and damages have become "reasonably clear". See Calandro v. Sedgwick Claims Mgmt. Servs., Inc., 919 F.3d 26, 34 (1st Cir. 2019) ("[T]he duty to settle arises only when liability and damages for the underlying claim have become reasonably clear.").

Soon thereafter, defendants filed an action with the High Court of England and Wales 1) to enjoin plaintiff from pursuing the instant case ("an anti-suit injunction") and 2) to compel arbitration. Plaintiff now seeks a defensive anti-suit injunction to enjoin the insurance companies from enforcing the injunction entered by the English court. A hearing on

plaintiff's motion was held on May 13, 2021, at which this Court requested supplemental briefing from the parties and announced that it would take the motion under advisement.

Upon careful consideration of the oral and written submissions of the parties, the Court declines to become engaged in this procedural contest.  Instead, it will stay this case until judgment is entered in the Superior Court action or good cause is shown to proceed with this lawsuit concurrently. See Taunton Gardens Co. v. Hills, 557 F.2d 877, 879 (1st Cir. 1977) ("[The Supreme Court] established that, as a question of power, the district court had discretion to stay this suit pending resolution of another which, even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending cas(e) [sic] and assist in the determination of the questions of law involved." (internal quotation marks omitted) (quoting Landis v. North America Co., 299 U.S. 248, 253-54 (1936)); Rojas v. Demos, No. 19-cv-10459, 2020 WL 5100229, at *1 (D. Mass. Aug. 21, 2020) ("This court has broad discretion to stay cases . . . including staying cases while related matters are pending." (internal quotation marks an citation omitted)).

Should defendants take any action in the English court to obtain a contempt order against Mr. Lafata, enforce such an order or otherwise prevent him from pursuing this case, however,

the Court will reconsider the matter and the propriety of imposing a defensive anti-suit injunction and sanctions against defendants. See Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren, 361 F.3d 11, 16 (1st Cir. 2004) (acknowledging a federal court's authority to enjoin a party appearing before it from prosecuting a case in a foreign tribunal); Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (permitting a district court, pursuant to its inherent powers, to sanction a party or attorney who acts "in bad faith, vexatiously, wantonly or for oppressive reasons").

## ORDER

For the foregoing reasons, this action is hereby **STAYED** until judgment is entered in Lafata v. Trinity Highway Products, LLC et al., Essex County Superior Court, No. 1677-cv-00921, or good cause is shown that the instant lawsuit should proceed concurrently.  Accordingly, plaintiff's motion for a preliminary injunction (Docket No. 8) is held under advisement.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 29, 2021